United States District Court
Southern District of Texas
**ENTERED**
October 13, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOSE SOCORRO MARTINEZ-ORTIZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **Civil Case No. 4:26-CV-06446** |
| | § | |
| **MARKWAYNE MULLIN, TODD BLANCHE, TODD M. LYONS, PATRICK CONTRERAS, SIRCE OWEN and RANDY A. TATE,** | § § § § | |
| | § | |
| **Respondents.** | § | |

**MEMORANDUM OPINION AND ORDER**

This case, like thousands of others filed in recent months, asks if the writ of habeas corpus is available to a person who illegally entered the United States to secure his or her release during the pendency of their removal proceedings. The answer, in this case, is no.

Petitioner Jose Socorro Martinez-Ortiz is a citizen of Mexico who has lived in the United States without lawful permission since either 1998 or 2001. (Dkt. No. 5 at 2, n. 2). He was taken into custody by Immigration and Customs Enforcement in July 2026, following a traffic stop. (Dkt. No. 5 at 2). Respondents are sued in their official capacities as officers or employees of the United States and will collectively be referred to as "the Government."

Martinez-Ortiz petitions for a writ of habeas corpus, claiming that his detention is "unlawful under the Fourth Amendment, the Fifth Amendment, the Immigration and

Nationality Act, the Administrative Procedure Act, and applicable law." (Dkt. No. 1 at 3). He argues that this Court should immediately order his release. (Dkt. No. 1 at 3).

The Government has moved to stay the proceedings or, in the alternative, for summary judgment. (Dkt. No. 5 at 1). The Government contends that Martinez-Ortiz is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and that his arguments concerning release are meritless. (Dkt. No. 5 at 1).

Martinez-Ortiz is being held in accordance with the law and his Petition for a writ of habeas corpus is **DENIED**. (Dkt. No. 1). The Government's motion for a stay of the proceedings is **DENIED** and its motion for summary judgment is **GRANTED**. (Dkt. No. 5).

## I. BACKGROUND

Martinez-Ortiz is a citizen of Mexico who, according to him, entered the United States without permission in either 1998 or 2001. (Dkt. No. 1 at 8, 18). He has resided in the United States ever since. (Dkt. No. 1 at 8). Martinez-Ortiz was detained by Immigration and Customs Enforcement (ICE) on July 29, 2026, following a traffic stop. (Dkt. No. 5 at 3). The Government represents that it is unaware of when or where Martinez-Ortiz entered the United States but does not dispute that Martinez-Ortiz is being held in ICE custody. (*Id.*). A Notice to Appear charging Martinez-Ortiz with being present in the United States without being admitted or paroled was served on Martinez-Ortiz on the same day he was taken into ICE custody. (Dkt. No. 5-1 at 1).

Martinez-Ortiz filed his petition for a writ of habeas corpus on August 7, 2026. He argues that his "detention is unlawful" and "this Court should grant []his Petition, [and]

immediately release [him]." (Dkt. No. 1 at 3). Martinez-Ortiz also argues that "Respondents do not have legal authority to remove [him] because he has not been ordered removable by any Immigration Court." (*Id.* at 9). He states, "[n]o removal order exists, and Petitioner is scheduled for legal proceedings in Immigration Court." (*Id.*).

The Government has responded. (Dkt. No. 5). The Government first requests that this Court hold the petition "in abeyance until there is a full resolution on rehearing in *Sosnava Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557, *mandate held* (5th Cir. July 2, 2026)." (Dkt. No. 5 at 2). Alternatively, the Government argues that the petition should be denied because "Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." (*Id.*). The Government asserts that this conclusion is "required under controlling precedent" and that "§ 1225(b)(2) as applied here does not violate due process." (Dkt. No. 5 at 2, 7).

A search of the ICE Online Detainee Locator System reveals that Martinez-Ortiz is detained at the Montgomery ICE Processing Center in Conroe, Texas. *See* U.S. Immigration and Customs Enforcement, *Online Detainee Locator System*, https://locator.ice.gov/ odls/#/search, (last accessed Oct. 7, 2026). The facility is in Montgomery County, which is within the Southern District of Texas. 28 U.S.C. § 124(b)(2).

## II. LEGAL STANDARDS

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525, 124 S.Ct. 2633, 2644, 159 L.Ed.2d 578 (2004) (plurality opinion). The writ "has remained a

critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Id.* A district court may grant a writ of habeas corpus if a petitioner shows that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A court . . . entertaining an application for a writ of habeas corpus shall . . . award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

## III. ANALYSIS

### A. THE STAY IN SOSNAVA RODRIGUEZ V. ORTEGA

Before reaching the merits of this case, the Court must determine whether the Fifth Circuit's order in *Sosnava Rodriguez v. Ortega*, 183 F.4th 387 (5th Cir. 2026), staying the underlying district court judgments pending rehearing en banc, precludes this Court from adjudicating the issues presented here. The Court concludes that it does not. *See also Diaz Fossi v. Warden*, No. 5:26-CV-00864, 2026 WL 2620573, at *2 (S.D. Tex. Sept. 4,

2026) (Kazen, J.) (concluding that the stay order in *Sosnava Rodriguez* did not preclude the district court from reaching the merits).

In *Sosnava Rodriguez*, the Fifth Circuit ordered that the "district court judgments" be stayed pending rehearing en banc. 183 F.4th at 388. The order does not direct district courts to stay proceedings in other cases, nor does it resolve the merits of the due-process issue presented here. *See id.* The Supreme Court has explained that interim orders are "not conclusive as to the merits," although they may "inform how a court should exercise its equitable discretion in like cases." *Trump v. Boyle*, 606 U.S. ___, 145 S.Ct. 2653, 2654, 222 L.Ed.2d 1181 (2025). Consistent with that instruction, the Fifth Circuit's stay order informs the Court's consideration of the Government's request for a stay but is not conclusive as to the merits of Martinez-Ortiz's Petition and does not preclude this Court from adjudicating it. Given that this petition challenges ongoing detention, the Court declines to defer its resolution pending further appellate guidance. Accordingly, the Court will proceed to address the merits of this case.

### B. Exhaustion Of Remedies

Martinez-Ortiz argues that "[n]o statutory exhaustion requirement applies to a petition challenging immigration detention under 28 U.S.C. § 2241." (Dkt. No. 1 at 6). The Government has not addressed this argument.

"[T]he general rule [is] that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144, 112 S.Ct. 1081, 1086, 117 L.Ed.2d 291 (1992). Exhaustion of remedies, however, is not required where they are "unavailable or wholly inappropriate to the relief sought, or where the

attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam). Here, Martinez-Ortiz has received a Notice to Appear, and is in the middle of the removal process.[1] From those removal proceedings, a noncitizen like Martinez-Ortiz can appeal an adverse decision to the Board of Immigration Appeals (BIA), see 8 C.F.R. § 1003.1(b), and, ultimately, petition for review in a federal court of appeals, see 8 U.S.C. § 1252(a).

Even assuming Martinez-Ortiz was required to exhaust administrative remedies, exhaustion would be futile. In *Matter of Yajure Hurtado*, the Board of Immigration Appeals ("BIA") issued a precedential decision holding that, regardless of how long an alien has been present in the United States, immigration judges lack authority to hear bond requests or grant bond to aliens present in the United States without admission under 8 U.S.C. § 1225(b)(2)(A). 29 I.&N. Dec. 216, 225 (BIA 2025). Published BIA decisions "serve as precedents in all proceedings involving the same issue or issues." 8 C.F.R. § 1003.1(g)(2). Thus, unlike in *Fuller*, where the Fifth Circuit explained that it could not know what the administrative appeals board would do until it had been given an opportunity to act, *see* 11 F.3d at 62, the BIA has already resolved the precise legal issue Martinez-Ortiz would present in seeking a bond hearing.

Accordingly, requiring Martinez-Ortiz to pursue administrative remedies would be futile, and his failure to do so does not preclude consideration of the merits.

---

[1] The Government has provided a "Notice of Internet-Based Hearing" showing that Martinez-Ortiz was scheduled to appear "for a master hearing before the immigration court" on August 25, 2026. (Dkt. No. 5-4 at 2). Neither party has updated the Court as to the result of that hearing.

### C. MARTINEZ-ORTIZ IS SUBJECT TO MANDATORY DETENTION UNDER SECTION 1225(b)(2)(A), WHICH DOES NOT VIOLATE DUE PROCESS.

Martinez-Ortiz recognizes that in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026), the Fifth Circuit held that noncitizens who enter without inspection are subject to mandatory detention. (Dkt. No. 1 at 10). That holding controls here.

This Court has discussed *Buenrostro-Mendez* in detail in prior opinions. *See Lopez v. Tate*, No. 4:26-CV-06401, 2026 WL 2958295, at *3 (S.D. Tex. Oct. 1, 2026); *Gonzalez-Buenestro v. Mullin*, No. 4:26-CV-06343, 2026 WL 2915092, at *4–5 (S.D. Tex. Sept. 25, 2026). In *Gonzalez-Buenestro*, this Court found that the Government's interpretation of Section 1225(b)(2) as applied to Gonzalez-Buenestro did not violate either procedural or substantive due process. *Gonzalez-Buenestro*, 2026 WL 2915092 at *4–5.

Martinez-Ortiz's case cannot be meaningfully distinguished from *Buenrostro-Mendez* or this Court's prior cases discussing due process arguments related to the statute. Martinez-Ortiz is an alien present in the United States who entered the country unlawfully without being admitted or paroled. (Dkt. No. 5-1 at 1). An alien "present in the United States who has not been admitted" is, by definition, "an applicant for admission." 8 U.S.C. § 1225(a)(1). And *Buenrostro-Mendez* holds that an "applicant for admission" is necessarily someone who is "seeking admission" for purposes of Section 1225(b)(2)(A). 166 F.4th at 502. Martinez-Ortiz does not contend that he is "clearly and beyond a doubt entitled to be admitted." Therefore, he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). And neither procedural or substantive due process

considerations "require the sort of bond hearing or individualized custody determination [Martinez-Ortiz] seeks." *Gonzalez-Buenestro*, 2026 WL 2915092 at *4–5.

Claims One and Two of Martinez-Ortiz's petition—asserting due process arguments—are denied. (Dkt. No. 1 at 13–17). Claim Four—arguing that the Government's interpretation of 8 U.S.C. § 1225(b) is wrong—is also denied.

**D. THERE IS NO VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Martinez-Ortiz's argument under the Administrative Procedure Act also fails. His argument is terse but appears to assert that because "Respondents' detention of Petitioner is [] not in accordance with the Immigration and Nationality Act" the Respondents' decision to detain him "is arbitrary and capricious" and therefore illegal. (Dkt. No. 1 at 17–18). He states that "none of the statutes that authorize Respondents to detain noncitizens are implicated by the facts and circumstances of Petitioner's case." (Dkt. No. 1 at 18). This is not so.

As discussed, 8 U.S.C. § 1225(b) authorizes Martinez-Ortiz's detention. Accordingly, his contention that his detention is arbitrary and capricious because it is not authorized by the Immigration and Nationality Act fails.

Moreover, the Administrative Procedure Act provides for judicial review of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Martinez-Ortiz has filed a petition for a writ of habeas corpus challenging the legality of his detention. (Dkt. No. 1). Habeas corpus provides an adequate judicial remedy for that claim. Indeed, the Supreme Court has explained that where an alien detainee's claims "necessarily imply the invalidity of their confinement," those claims

"must be brought in habeas." *Trump v. J. G. G.*, 604 U.S. 670, 672, 145 S.Ct. 1003, 1005, 221 L.Ed.2d 529 (2025) (per curiam). And as Justice Kavanaugh explained, because Section 704 precludes APA review where another adequate judicial remedy exists, "habeas corpus, not the APA," provides the appropriate avenue to challenge the legality of immigration detention. *Id.* at 674, 145 S.Ct. at 1007 (Kavanaugh, J., concurring). Because Martinez-Ortiz has an adequate remedy in habeas, the APA provides no independent basis for relief. Martinez-Ortiz's Third Claim for relief is denied.

### E. MARTINEZ-ORTIZ'S FOURTH AMENDMENT CLAIM FAILS

Martinez-Ortiz's final argument states that "[b]ecause Petitioner's arrest and detention was made in violation of his Fourth Amendment rights, he must be released immediately." (Dkt. No. 1 at 21). He is wrong.

To start, Martinez-Ortiz's argument on this point is conclusory at best. He briefly recounts the facts of his arrest in a separate section of his petition and then concludes, without any further discussion, that "officers arresting him had no reasonable suspicion of illegal presence or probable cause for his arrest at the time." (Dkt. No. 1 at 21). The Fifth Circuit has repeatedly stated that "speculative and conclusory allegations" are "insufficient to raise a constitutional issue." *United States v. Hall*, 455 F.3d 508, 522 (5th Cir. 2006) (quoting *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993)). The Fifth Circuit "label[s] allegations conclusory when they are vague, lacking in specifics, or amount to mere recitations of the relevant legal standards without any supporting factual narrative." *Morris v. Thaler*, 425 F. App'x 415, 423 (5th Cir. 2011) (unpublished) (per curiam). This is all Martinez-Ortiz offers. His "[c]onclusory statements are insufficient,

even for a pro se" litigant. *Abram v. McConnell*, 3 F.4th 783, 787 (5th Cir. 2021) (quoting *Madrigal v. Currie*, 582 F.App'x 417, 418 (5th Cir. 2014) (per curiam)).

Moreover, even assuming Martinez-Ortiz's arrest violated the Fourth Amendment, that violation would not entitle him to release from his present immigration detention. The Fifth Circuit rejected essentially the same argument in *Men Keng Chang v. Jiugni*, holding in an immigration habeas case that an allegedly unlawful arrest, without more, does not provide a basis for habeas relief. 669 F.2d 275, 279 (5th Cir. 1982). Likewise, the Supreme Court has held that "[t]he 'body' or identity of a defendant in a . . . civil proceeding is never itself suppressible . . . even if it is conceded that an unlawful arrest, search, or interrogation occurred." *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039, 104 S.Ct. 3479, 3483–84, 82 L.Ed.2d 778 (1984). Indeed, "[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *Id.* at 1040, 104 S.Ct. at 3484 (citation omitted). Martinez-Ortiz's present detention rests on the independent statutory authority provided by 8 U.S.C. § 1225(b)(2)(A). Thus, assuming Martinez-Ortiz could prove a Fourth Amendment violation in connection with his initial arrest, he would not be entitled to release from his present detention on that basis. Martinez-Ortiz's Fifth Claim for relief is denied.

## IV. CONCLUSION

There is no genuine dispute as to any material fact in this case. As explained above, Respondents are entitled to judgment as a matter of law. Martinez-Ortiz's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is therefore **DENIED**. (Dkt. No.

1). The Respondents' Motion to Stay consideration of this petition is **DENIED**. The Respondents' Motion for Summary Judgment is **GRANTED**. (Dkt. No. 5).

It is SO ORDERED.

Signed on October 9, 2026.

Drew B Tipton

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**